UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-332 (CBA) (RER)

———————————

Luis Lopez, individually and on behalf of others similarly situated

versus

Metro and Graham LLC (d/b/a Wholesome Basket),
Saleh Ibrahim, and Farouk Abou Zeid

———————————

**REPORT & RECOMMENDATION**

December 16, 2022

———————————

To The Honorable Carol Bagley Amon
Senior United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Luis Lopez ("Lopez" or "Plaintiff"), individually and on behalf of others similarly situated, brought this action against Metro and Graham LLC d/b/a Wholesome Basket ("Corporate Defendant") as well as against Saleh Ibrahim ("Ibrahim") and Farouk Abou Zeid ("Zeid") (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants"). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, and the New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (ECF No. 1 ("Compl.") ¶ 12). Currently before the Court is Plaintiff's Motion for Default Judgment (ECF No. 16 ("Pl.'s Mot.")), which Your Honor referred to me for a Report and Recommendation (ECF Order dated 08/05/2022).[1]

---

[1] Jared Wolff, a second-year student at Brooklyn Law School and an intern in my Chambers, provided substantial assistance in researching and drafting this Report and Recommendation.

1

For the reasons set forth herein, I respectfully recommend that the motion be denied without prejudice as to all Defendants in light of Plaintiff's noncompliance with Local Civil Rules 7.1 and 55.2(c), and with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1).

## BACKGROUND

I. <u>Factual Allegations</u>

Wholesome Basket is a deli located at 344 Graham Avenue in Brooklyn, New York. (Compl. ¶ 2; ECF No. 16-5, Declaration of Luis Lopez ("Lopez Decl.") ¶ 4). Lopez alleges that Individual Defendants were owners, managers, principals, or agents of Wholesome Basket. (Compl. ¶ 3; Lopez Decl. ¶ 5). Lopez is a former employee of Wholesome Basket and Individual Defendants. (Compl. ¶¶ 1, 16–17; Lopez Decl. ¶ 3). Lopez worked at the deli as a food preparer, dishwasher, stock worker, cashier, and cleaner from approximately October 1, 2020, until on or about August 23, 2021. (Compl. ¶¶ 4, 35; Lopez Decl. ¶ 8).

Lopez routinely worked more than forty hours per week. (Compl. ¶ 11; Lopez Decl. ¶ 11). From approximately October 2020 until April 2021, he worked from about 3:00 PM until about 11:00 PM, six days per week (typically forty-eight hours per week). (Compl. ¶ 40; Lopez Decl. ¶ 13). In May 2021, he worked from approximately 7:00 AM until about 11:00 PM, five days per week, and from approximately 3:00 PM until about 11:00 PM, two days per week (typically ninety-six hours per week). (Compl. ¶ 41; Lopez Decl. ¶ 14). From June 2021 until August 2021, Lopez worked from approximately 12:00 PM until about 12:00 AM, seven days per week (typically eighty-four hours per week). (Compl. ¶ 42; Lopez Decl. ¶ 15). Throughout his employment, Lopez did not receive the appropriate minimum wage, overtime, or spread of hours compensation. (Compl. ¶ 5). He was paid in cash at a rate of $12.00 per hour from approximately October 2020 to July 2021, and $13.00 per hour from July 2021 to August 2021. (Compl. ¶¶ 43–

45; Lopez Decl. ¶¶ 12, 16–17). Defendants failed to pay his wages on a timely basis (Compl. ¶ 8), and for about one week, he was not paid any wages at all.[2] (Compl. ¶ 46; Lopez Decl. ¶ 18).

Lopez was not required to keep track of the hours he worked, and to his knowledge, Defendants did not use time tracking devices to accurately record his hours. (Compl. ¶¶ 6, 48, 57–58; Lopez Decl. ¶ 20). However, Individual Defendant Zeid kept track of Lopez's hours in a notebook. (Compl. ¶ 49; Lopez Decl. ¶ 21). Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of payment or any other statement indicating their rates of pay. (Compl. ¶¶ 64–65; Lopez Decl. ¶¶ 22, 24). In addition, Defendants failed to post required notices regarding FLSA and NYLL wage and hour requirements. (Compl. ¶ 60; Lopez Decl. ¶ 23).

Lopez claims that Individual Defendants possess operational control over and ownership interests in Corporate Defendant, including controlling its significant functions. (Compl. ¶¶ 21–22). During Lopez's employment, Individual and Corporate Defendants had the power to hire and fire him, controlled the terms and conditions of his employment, and determined the rate and method of his compensation. (Compl. ¶ 30; Lopez Decl. ¶ 6). Lopez also alleges that Corporate Defendant had gross annual sales exceeding $500,000 (Compl. ¶ 31), and that Lopez regularly handled numerous goods in the deli that traveled in interstate commerce, and that these goods included food and other supplies which were produced outside of New York (Compl. ¶¶ 32, 37; Lopez Decl. ¶ 10).

II.     Procedural History

Plaintiff Lopez commenced this action on January 20, 2022. (Compl.). On January 25, 2022, the Corporate Defendant was served through the New York Secretary of State. (ECF No. 9), and

---

[2] Plaintiff's submissions do not specify how many days or hours Lopez worked or his hourly rate during this week.

on January 28, 2022, both Individual Defendants were served by mail and personal delivery at 344 Graham Avenue in Brooklyn, New York, their actual place of business (ECF Nos. 7, 8). Copies of the Summons and Complaint were delivered to "George Paredes," a person of suitable age and discretion. (ECF Nos. 7, 8). After Defendants failed to appear or otherwise defend the action, Plaintiff requested a certificate of default on April 4, 2022 (ECF No. 10), which the Clerk of the Court subsequently entered on April 7, 2022 (ECF No. 13). Then, on May 26, 2022, Plaintiff moved for default judgment. (Pl.'s Mot.). In his Motion, he seeks damages for unpaid overtime, unpaid spread of hours, statutory wage violations, liquidated damages, and interest. (Pl.'s Mot.; Compl. at 17–19; *see also* ECF No. 16-1, Declaration of Frank J. Palermo, Esq. in Support of Order for Judgment by Default ("Palermo Decl.") at 8–13).

## DISCUSSION

I. <u>Default Judgment Legal Standard</u>

Rule 55 of the Federal Rules of Civil Procedure requires "a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). Under the first step, a plaintiff must obtain an entry of default from the clerk of the court when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step requires the plaintiff to apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

When a party defaults, a court must accept the plaintiff's well-pleaded factual allegations as true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). On a plaintiffs' motion, a court may only "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)). "Defaults are

not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citations omitted); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) (noting the Second Circuit's "oft-stated preference for resolving disputes on the merits").

A party's default is considered "a concession of all well pleaded allegations" but "not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A court may determine damages through an evidentiary proceeding, but a hearing is not required. *Fermin v. Las Delicias Peruanas Restaraunt*, 93. F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (citing Fed. R. Civ. P. 55(b)(2); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. Fund & Training Fund & Other Funds v. Metro Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). Damages awarded "must be ascertained 'with reasonable certainty.'" *Fermin*, 93 F. Supp. 3d. at 30 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Damages granted cannot exceed what is requested in the pleadings. Fed. R. Civ. P. 54(c).

II. Plaintiff's Motion Should be Denied for Failure to Comply with Local Civil Rules and the Servicemembers Civil Relief Act

A motion for default judgment will be denied if the movant fails to follow all relevant procedural rules. *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."); *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) ("[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking."), *adopted by* 2019 WL 6828276 (Dec. 13, 2019). Plaintiff's motion for

5

default judgment should be denied without prejudice as he failed to comply with Local Rules 7.1 and 55.2, as well as with the Servicemembers Civil Relief Act.

    A.  <u>Plaintiff Failed to Comply with Local Civil Rule 7.1</u>

Plaintiff's Motion for Default Judgment violates Local Civil Rule 7.1 as it contains no memorandum of law. The Local Rules require that all motion papers contain, *inter alia*, "a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Loc. Civ. R. 7.1(a)(2). The failure to comply with Local Rule 7.1 is enough on its own for a court to deny the motion. *See Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (citing *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (Sept. 21, 2015)) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion."); *Guangzhou Yongjia Garment Mfg. Co. v. Zoomers Inc.*, No. 19-CV-2759 (NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020) (denying a motion for default judgment for multiple Local Rule violations, including failure to include a memorandum of law), *adopted by* 2020 WL 5577706 (Sept. 17, 2020).

Although Plaintiff's counsel submitted an attorney declaration in support of the Motion containing his legal argument (*see* Palermo Decl.), such an affirmation does not take the place of a memorandum of law. *See Dejana Indus., Inc. v. Vill. of Manorhaven*, No. 12-CV-5140 (JS) (SIL), 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation."); *Employers Ins. Co. of Wausau v. Skinner,* No. 07-CV-735 (JS) (AKT), 2008 WL 4283346, at *4 (E.D.N.Y.

6

Sep. 17, 2008) (first quoting *Microsoft Corp. v. K & E Computer Inc.*, No. 00 Civ. 7550, 2001 WL 332962, at *1 (S.D.N.Y. Apr. 4, 2001); then citing *Wenzhou Wanli Food Co. v. Hop Chong Trading Co.*, No. 98 Civ. 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)) ("It is well established that [a]n affirmation alone will not satisfy the requirements of Rule 7.1.") .

Indeed, courts in the Second Circuit routinely ignore legal arguments contained in declarations and affidavits. *See, e.g.*, *Timothy Coffey Nursery Landscape Inc. v. Soave*, No. 17-CV-1436 (SJF) (ARL), 2018 WL 11211498, at *1 n.1 (E.D.N.Y. Jan. 8, 2018) (declining to consider attorney affirmations "to the extent these materials [improperly] contain legal argument"), *aff'd*, 760 F. App'x 58 (2d Cir. 2019); *Dell's Maraschino Cherries Co. v. Shoreline Fruit Growers, Inc.*, 887 F. Supp. 2d 459, 465 n.3 (E.D.N.Y. 2012) ("Placing legal argument in an affidavit is plainly improper and the Court will only consider the facts in the affidavit that are based on . . . personal knowledge . . . ."); *King v. Pension Tr. Fund of Pension, Hospitalization & Benefit Plan of Elec. Indus.*, No. 01-CV-2604 (ILG), 2003 WL 22071612, at *8 (E.D.N.Y. Sept. 5, 2003) ("[L]egal argument[s] in an affidavit or declaration . . . are ignored since they presumably are present (or should be) in the memoranda of law . . . ."), *aff'd,* 131 F. App'x 740 (2d Cir. 2005).

Here, Plaintiff's compliance with Local Rule 7.1 is inadequate. Although the supporting attorney declaration sets forth cases and authorities in support of Plaintiff's Motion, and it is divided under headings according to issue, it fails to offer legal arguments to support each type of damage Plaintiff seeks. (*Compare* Pl.'s Mot. *with* Palermo Decl.). Moreover, the declaration contains several statements that raise questions about the declaration's accuracy. (*See, e.g.*, Palermo Decl. ¶¶ 24, 39 (referring to "Plaintiff Torres"); *id.* ¶ 30 (indicating that "Defendants failed to answer . . . the Amended Complaint" when no amended complaint was ever filed).

7

Accordingly, the legal arguments in the declaration should be set aside and Plaintiff's failure to include a memorandum of law weighs in favor of denying Plaintiff's Motion for Default Judgment.

B.  Plaintiff Failed to Comply with Local Civil Rule 55.2(c)

The Local Rules in the Eastern District require that "all papers submitted to the Court . . . be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c). Moreover, "[p]roof of such mailing shall be filed with the Court." *Id.* The aim of this rule is to promote "fairness and efficiency" for all parties. *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (citations omitted), *adopted by* 2019 WL 955279 (Feb. 26, 2019). Courts in this District routinely deny motions for default judgment on the basis of failure to comply with Local Rule 55.2. *See Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191 (LDH) (SJB), 2020 WL 6140054, at *2 (E.D.N.Y. Sept. 1, 2020) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment."); *See Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) (citing *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012)) ("Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion, without prejudice to renew . . . ."), *adopted by* 2015 WL 7430008 (Nov. 23, 2015)) Here, Plaintiff failed to comply with Local Rule 55.2(c) in three respects.

First, there is no indication that Plaintiff mailed the default judgment papers to Defendants. Although Plaintiff filed eight exhibits with the Court to support his Motion for Default Judgment (*see* ECF Nos. 16-1–16-8), the certificate of service is silent on whether copies of Plaintiff's motion papers were mailed to Defendants. (*See* ECF No. 17). Instead, it states that Plaintiff sent

8

Defendants "copies of Magistrate Judge Ramon E. Reyes, Jr Order, dated May 26, 2022, the attached Notice, and the full docket sheet." (ECF No. 17). It is unclear what Order this refers to since no Order was issued on that date. Moreover, no "attached Notice" appears with the certificate of service on the docket. Accordingly, Plaintiff has not demonstrated that all motion papers were properly served on Defendants as required by Rule 55.2(c) and this too weighs in favor of denying the Motion. *See Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD) (VMS), 2021 WL 8317120, at *4 (E.D.N.Y. July 22, 2021) ("The absence of proof that 'all papers submitted to the Court' were mailed to Defendants counsels against granting Plaintiff's motion for default judgment.").

Second, even if Plaintiff did serve the proper motion papers on Defendants, they were mailed to Individual Defendants at their actual place of business, 344 Graham, Brooklyn, New York, 11211, rather than to their last known residences as required by Local Rule 55.2(c). (ECF No. 17). "Generally, failure to show that an individual defendant was mailed the default judgment motion papers at his or her last known residence warrants denying the motion against the individual." *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *8 (E.D.N.Y. Aug. 11, 2020), *adopted by* 2020 WL 5105063 (Aug. 31, 2020). Nothing in the record suggests that Defendants reside or resided at this address. *See J&J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020) ("Without any representation in the record that [the address to which motion papers were sent] is [defendant's] last known residence, the Court is left questioning whether [defendant] properly received notice of the motion for default judgment against him."), *adopted by* 2020 WL 1031756 (Mar. 3, 2020)). Therefore, Plaintiff also failed to satisfy the service requirement under Local Rule 55.2(c). *See, e.g.*, *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854,

9

at *3 (E.D.N.Y. Feb. 21, 2019) ("By using the business address [of an individual defendant] to serve the motion, [the plaintiff] failed to comply with this requirement."), *adopted by* 2019 WL 1172381 (Mar. 13, 2019).

Third, Plaintiff's certificate of service is inadequate proof of mailing because it is not an affidavit or other sworn statement. Judges in the Eastern District of New York have interpreted Rule 55.2(c) "to require proof of mailing by affidavit." *See, e.g.*, *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CIV-3372 (CBA) (VMS), 2020 WL 3002362, at *3 (E.D.N.Y. Feb. 20, 2020) (first citing Loc. Civ. R. 55.2(c); then citing *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019); and then citing Black's Law Dictionary 68 (10th ed. 2014)), *adopted by* 2020 WL 1270891 (Mar. 17, 2020); *United States v. John*, No. 18-CIV-5045 (ENV) (VMS), 2020 WL 5536830, at *14 (E.D.N.Y. Mar. 2, 2020), *adopted as modified by* 2020 WL 4915371 (Aug. 21, 2020). Under Local Civil Rule 1.9, in place of a required affidavit or verified statement, courts may accept "a statement subscribed under penalty of perjury" or "a statement signed by an attorney or by a party not represented by an attorney pursuant to Federal Rule of Civil Procedure 11" or "an oral representation on the record in open court." Loc. Civ. R. 1.9. Here, because the certificate of service is not an affidavit, it would need to qualify under a Rule 1.9 exception to serve as a proof of mailing under Rule 55.2(c). However, the unsworn statement by a paralegal presented as the certificate of service in this case is not "subscribed under penalty of perjury," nor is it signed by an attorney or unrepresented party. (*See* ECF No. 17). Thus, it is inadequate proof for purposes of Local Rule 55.2(c). *See Chocolatl v*, 2020 WL 3002362, at *3 (finding unsworn certificate of service by Plaintiff's counsel to be "inadequate evidence to prove that Plaintiff complied with Local Rule 55.2(c)").

C. <u>Plaintiff Failed to Comply with the Servicemembers Civil Relief Act</u>

In addition to the above Local Rule violations, Plaintiff's Motion does not comply with the Servicemembers Civil Relief Act. In a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit. 50 U.S.C. § 3931(b)(1). "[A] proper non-military affidavit must be based on facts adduced from an investigation conducted after a defendant defaults." *Sudilovskiy v. City WAV Corp.*, No. 22-CV-469 (DG) (RLM), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022); *see also Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) ("The affidavit must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'"). A plaintiff's failure to include "a certification that the individual defendant is not a servicemember" is grounds to deny a motion for default judgment. *Bhagwat*, 2015 WL 13738456, at *1; *see also Apex Mar. Co.*, 2012 WL 1901266, at *1 (denying default judgment for failure to provide a nonmilitary affidavit pursuant to the Servicemembers Civil Relief Act); *Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022) ("[F]ailure to comply with [this Act] warrants denial of Plaintiff's motion for default."), *adopted by* 2022 WL 3647586 (Aug. 24, 2022). Indeed, "[t]he court lacks the power to excuse compliance with [this] statute." *Uribe*, 2018 WL 4861377, at *1.

Here, Plaintiff presents insufficient facts to support the assertion that Individual Defendants are not servicemembers. Plaintiff's declaration states only that "[t]o [his] knowledge Individual Defendants are not in the military service of the United States" without any explanation as to how this knowledge was gained. (Lopez Decl. ¶ 7). The process server's affidavits state that "[he] asked the person spoken to whether recipient was in active military service . . . and received a negative

11

reply" and that "[t]he source of [his] information and the grounds of [his] belief are the conversations and observations above narrated." (ECF Nos. 7, 8). Although the process server's affidavits provide somewhat more basis for the conclusion that Individual Defendants are not servicemembers, their affidavits do not explain why "the person spoken to" would be a credible source of information. Moreover, these three statements were all filed before Defendants defaulted. Thus, they do not demonstrate compliance with the Servicemembers Civil Relief Act.

***

Accordingly, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied without prejudice and with leave to renew with respect to all Defendants in light of Plaintiff's noncompliance with Rules 7.1 and 55.2(c), and the Servicemembers Civil Relief Act.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Motion be denied without prejudice to the extent set forth in this Report and Recommendation. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Carol Bagley Amon within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

12