Clerk's Office
Filed Date: 2/21/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS LOPEZ, individually and on behalf of
others similarly situated,

                Plaintiff,

   -against-

METRO AND GRAHAM LLC (d/b/a
WHOLESOME BASKET), SALEH IBRAHIM,
and FAROUK ABOU ZEID,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-332 (CBA) (RER)

**AMON, United States District Judge:**

On January 20, 2022, Plaintiff Luis Lopez, individually and on behalf of others similarly situated, filed suit against Metro and Graham LLC d/b/a Wholesome Basket ("Corporate Defendant"), as well as Saleh Ibrahim and Farouk Abou Zeid (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants"). Lopez alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law ("NYLL"), §§ 190 and 650, and the New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (ECF Docket Entry ("D.E.") # 1 ¶ 12.) After Defendants failed to appear or otherwise defend the action, the Clerk of Court entered a default against Defendants on April 7, 2022. (D.E. # 13.)

This order arises out of Lopez's May 26, 2022 motion for a default judgment against Defendants. (D.E. # 16.) Lopez's motion seeks damages for unpaid overtime, unpaid spread of hours, statutory wage violations, liquidated damages, and interest. (Id.; D.E. # 16-1 (Frank J. Palermo Decl.) at 8-12.) I referred the motion to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for report and recommendation ("R&R"). (Text Entry dated Aug. 5, 2022.) On December 16, 2022, Magistrate Judge Reyes issued an R&R recommending that the motion for

1

default judgment be denied without prejudice as to all Defendants. (D.E. # 18 (the "R&R") at 2.) Specifically, Magistrate Judge Reyes determined that Lopez had not complied with Local Civil Rules 7.1 and 55.2(c), and with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1). (Id.)

First, Magistrate Judge Reyes found that Lopez failed to comply with Local Rule 7.1 because the motion for default judgment did not include a memorandum of law and instead included only an attorney declaration. (Id. at 6); see Dejana Indus., Inc. v. Village of Manorhaven, No. 12-cv-5140 (JS) (SIL), 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation."). In addition, the declaration failed to offer legal arguments to support each type of damage Lopez seeks. (R&R 7.) Second, Magistrate Judge Reyes concluded that Lopez's certificate of service is inadequate under Local Rule 55.2(c) for three reasons: (1) the certificate of service is silent on whether Lopez mailed copies of the default judgment motion papers to Defendants, (2) even if the motion papers were served, they were mailed to the Individual Defendants at their actual place of business rather than to their last known residences, and (3) the certificate of service is inadequate as proof of mailing because it is not an affidavit or other sworn statement. (Id. at 8–10; see D.E. # 17 (Certificate of Service)); Dixon v. Int'l Unified Workforce, Inc., No. 18-cv-7191 (LDH) (SJB), 2020 WL 6140054, at *2 (E.D.N.Y. Sept. 1, 2020) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment."). Finally, Magistrate Judge Reyes concluded that Lopez did not comply with the Servicemembers Civil Relief Act. The Act requires a plaintiff in a default judgment action to file an affidavit stating whether the defendant is serving in the military and showing necessary facts in support of the affidavit. See 50 U.S.C. § 3931(b)(1). Here, Lopez's

declaration presented insufficient facts to support the assertion that the Individual Defendants are not servicemembers and the declaration was filed before Defendants defaulted. (R&R 11-12 (citing D.E. ## 7, 8)); see Sudilovskiy v. City WAV Corp., No. 22-cv-469 (DG) (RLM), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022) ("[A] proper non-military affidavit must be based on facts adduced from an investigation conducted after a defendant defaults.").

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R. Accordingly, I deny Lopez's motion for default judgment without prejudice and with leave to renew with respect to all Defendants.

SO ORDERED.

Dated: February 21, 2023
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge