UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-0332 (CBA) (RER)

———————————

LOPEZ

VERSUS

METRO AND GRAHAM LLC ET AL

———————

REPORT & RECOMMENDATION

November 7, 2023

———————

TO THE HONORABLE CAROL BAGLEY AMON
SENIOR UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Luis Lopez ("Plaintiff" or Lopez) brought this action against Metro and Graham LLC d/b/a/ Wholesome Basket ("Corporate Defendant") as well as against Saleh Ibrahim ("Ibrahim") and Farouk Abou Zeid ("Zeid") (collectively, "Individually Defendants," and together with Corporate Defendant, "Defendants").[1] (*See* ECF No. 1 ("Compl.")). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, and New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (Compl. ¶ 12). Currently before the Court is Plaintiff's second Motion for Default Judgment (ECF No. 24 ("Pl.'s Mot.")), which Your Honor referred to me for a Report and

---

[1] Lopez initially brought this case also as a collective action pursuant to 29 U.S.C. § 216. (*See* Compl.). Due to Defendants' default, however, Plaintiff only proceeds in his individual capacity.

1

Recommendation. (Order dated 5/22/2023). After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that Plaintiff's motion be granted.

## BACKGROUND

I. Factual Background

Wholesome Basket is a deli located at 344 Graham Avenue in Brooklyn, New York. (Compl. ¶ 2; ECF No. 24-9 ("Lopez Decl.") ¶ 4). Individual Defendants were owners, managers, principals, or agents of Wholesome Basket. (Compl. ¶ 3; Lopez Decl. ¶ 5). Defendants employed Plaintiff as a food preparer, dishwasher, stock worker, cashier, and cleaner from approximately October 1, 2020, through August 23, 2021. (Compl. ¶¶ 4, 17; Lopez Decl. ¶¶ 3, 8).

Plaintiff routinely worked over forty hours per week. (Compl. ¶ 11; Lopez Decl. ¶ 11). Specifically, from October 2020 through April 2021, Plaintiff worked 3 P.M. to 11 P.M. six days per week, totaling forty-eight hours per week. (Compl. ¶ 40; Lopez Decl. ¶ 13). In May 2021, he worked from 7 A.M. to 11 P.M. five days per week, and from approximately 3:00 PM until about 11:00 PM, two days per week, totaling ninety-six hours per week. (Compl. ¶ 41; Lopez Decl. ¶ 14). From June 2021 through August 2021, Lopez worked 12 P.M. to 12 A.M. seven days per week, totaling eighty-four hours per week. (Compl. ¶ 42; Lopez Decl. ¶ 15).

Over the course of his employment, Plaintiff did not receive the appropriate minimum wage, overtime, or spread of hours compensation. (Compl. ¶ 5). He was paid in cash at a rate of $12 per hour from October 2020 through July 2021, and $13 per hour from July 2021 through August 23, 2021, regardless of whether he worked overtime. (Compl. ¶¶ 43–45; Lopez Decl. ¶¶ 16–17). Furthermore, Defendants failed to pay Plaintiff for one week of wages.[2] (Compl. ¶ 46; Lopez Decl. ¶ 18).

---

[2] For this unpaid week of work, however, Plaintiff does not specify when it occurred or for how long he worked.

Lopez was not required to keep track of the hours that he worked, and to his knowledge, Defendants did not use time tracking devices to record his hours, although Defendant Zeid tracked Plaintiff's hours in a notebook. (Compl. ¶¶ 6, 48–49, 57–58; Lopez Decl. ¶ 20–21). Lopez never received a wage statement at the time of payment or at any other time explaining his payrate, and Defendants failed to post any notices regarding the FLSA and NYLL wage and hour requirements. (Compl. ¶¶ 60, 64–65; Lopez Decl. ¶¶ 22–23). Plaintiff was also required to purchase uniform shirts, shoes, pants, and aprons with his own funds. (Compl. ¶ 53; Lopez Decl. ¶ 25).

Lastly, Plaintiff claims that he regularly handled numerous goods in the deli that traveled in interstate commerce, and that these goods include food and other supplies that were produced outside of New York. (Compl. ¶¶ 32, 37; Lopez Decl. ¶ 10). He also alleges that Corporate Defendant had gross annual sales of more than $500,000. (Compl. ¶ 31). Plaintiff asserts that Individual Defendants possess operational control over and ownership interest in Corporate Defendant and that during his employment, Individual and Corporate Defendants had the power to hire and fire him, controlled the terms and conditions of his employment, and determined the rate and method of his compensation (Compl. ¶¶ 21–22, 30; Lopez Decl. ¶¶ 5–6).

II. <u>Procedural History</u>

Plaintiff commenced this action on January 20, 2022. (*See* Compl.). On January 25, 2022, Corporate Defendant was served through the New York Secretary of State (ECF No. 9), and on January 28, 2022, both Individual Defendants were served by mail and personal delivery at their places of business. (ECF Nos. 7–8). After Defendants failed to appear, Plaintiff requested certificates of default on April 4, 2022 (ECF No. 10), which the Clerk of the Court entered on April 7, 2022. (ECF No. 13). Plaintiff first moved for default judgment on May 26, 2022 (ECF

3

No. 16), which this Court denied due to various procedural defects.[3] (ECF Nos. 18 ("R. & R."), 21).

Subsequently, on May 19, 2023, Plaintiff filed a renewed motion for default judgment. (Pl.'s Mot.). As required by Local Rules 7.1 and 55.2(b), in addition to exhibits demonstrating liability and damages, Plaintiff attached a memorandum of law (ECF No. 24-1 ("Pl.'s Mem.")), the complaint (ECF No. 24-3), the Clerk's certificates of default (ECF No. 24-8), and a proposed form of default judgment (ECF No. 24-12). That same day, Plaintiff filed proof of service of the Motion on Defendants pursuant to Local Rule 55.2(c). (ECF No. 25). Plaintiff also fulfilled the requirements of the Servicemembers Civil Relief Act by including Affidavits of Non-Military Service attesting that Individual Defendants are not in military service. (ECF No. 24-7).

## DISCUSSION

I. Defendants are in Default

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, a court clerk enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, the plaintiff must request a default judgment. Fed. R. Civ. P. 55(b). The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true

---

[3] Specifically, Plaintiff failed to comply with Local Rules 7.1 and 55.2(c) by neglecting to submit a memorandum of law in support of his motion and to file proof that the motion was mailed to Defendants. (R. & R. at 5–10); *see* Loc. Civ. R. 7.1, 55.2(c). Further, Plaintiff did not submit proof of compliance with the Servicemembers Civil Relief Act. (R. & R. at 11–12).

4

the plaintiff's well-pleaded factual allegations, except those relating to damages. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A court then determines whether the plaintiff's factual allegations establish the defendant's liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel*, 577 F.3d at 84). As such, a plaintiff bears the burden of alleging "*specific* facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardozo v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To succeed on claims under the FLSA and NYLL, a plaintiff must establish that 1) a non-exempt employer-employee relationships exists and 2) the employee was inadequately compensated for their work. *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *4 (E.D.N.Y. Aug. 29, 2022) (citations omitted), *adopted by* 2022 WL 4662247 (Sept. 30, 2022); *see also Guardado v. 13 Wall Street, Inc.*, No. 15-CV-2482 (DRH) (SIL), 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016) ("if a court in this Circuit has already found liability under the FLSA, it will routinely impose liability for a violation of the NYLL"), *adopted by* 2016 WL 7480363 (Dec. 29, 2016). Here, Plaintiff sufficiently alleges in his Complaint and subsequent submissions in support of the current Motion that Defendants are employers, that he is a non-exempt employee, and that he was improperly compensated. (*See* Compl.; Lopez Decl.). These submissions, alongside Defendants' default, are enough to establish that Defendants are jointly and severally liable under the FLSA and NYLL.[4]

---

[4] Defendants are jointly and severally liable because Corporate Defendant engaged in interstate commerce and had an annual gross volume of sales exceeding $500,000 (Compl. ¶¶ 31–32); Individual Defendants controlled Plaintiff's working conditions, including policies and practices, hiring and firing, and compensation (*id.* ¶¶ 26, 30); and Plaintiff does not allege any facts indicating that he was an exempt employee (*id.* ¶¶ 35–53). *See, e.g., Marine v. Vieja*

II. Damages

A plaintiff must demonstrate "that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158–59. The court bears the "responsibility to establish that damages have an evidentiary basis that can be ascertained with reasonable certainty." *Lin v. New Fresca Tortillas*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1, 2019), (citing *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012)), *adopted by* 2019 WL 3714600 (May 29, 2019); *see also* Fed. R. Civ. P. 55(b)(2). Although damages are limited to the amount and type sought in the pleadings, a court may rely on "detailed affidavits or documentary evidence" to determine the amount of damages. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); Fed. R. Civ. P. 54(c). Moreover, in FLSA cases, when wage and hour records are inaccessible, "the plaintiff may rely on his recollection to approximate the wages owed." *Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *5 (E.D.N.Y. Aug. 20, 2021) (citations omitted), *adopted by* 2021 WL 4463483 (Sept. 29, 2021).

Here, in addition to the Complaint, Plaintiff submitted a sworn declaration attesting to the hours he worked, wages he was paid, and dates of his employment. (*See* Lopez Decl.). This is sufficient to calculate damages. *See Fustok*, 873 F.2d at 40. Plaintiff seeks (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread-of-hours wages, (4) statutory damages for wage notice and wage statement violations, (5) reimbursements for purchasing tools of the trade,

---

*Quisqueya Restaurant Corp.*, No. 20-CV-4671 (PKC) (RML), 2022 WL 17820084, at *3–4 (E.D.N.Y. Sept. 8, 2022) (the plaintiff successfully demonstrated joint and several liability under the FLSA and NYLL by alleging that the corporate defendant was subject to enterprise coverage under the FLSA and that the individual defendants were his employers), *adopted by* (Order dated 9/23/2022).

(6) liquidated damages, (7) pre-judgment interest, (8) post-judgment remedies, and (9) attorneys' fees and costs. (Compl. at 16–19; Pl.'s Mem at 5–14).

When a plaintiff asserts claims under both the FLSA and NYLL, they are "not entitled to recover twice for the same injury." *Charvac v. M & T Project Managers of New York, Inc.*, 12-CV-05637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015) (quotation omitted), *adopted by* 2015 WL 5518348 (Sept. 17, 2015). Rather, a plaintiff is "entitled to the damages under the statute that affords the greater recovery." *New Fresca Tortillas*, 2019 WL 3716199, at *2. The FLSA is subject to a two-year statute of limitations if the violation is non-willful or a three-year statute of limitations if it is willful, whereas the NYLL is governed by a six-year statute of limitations, regardless of the defendants' willfulness. 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(2), 663(3). Here, the earliest alleged violation occurred October 1, 2020, and the case was initiated January 20, 2022. (Compl. ¶ 35). Thus, the allegations are covered by both statutes, regardless of whether Defendants' actions were willful. The NYLL provides for the greatest recovery because it sets a higher minimum wage rate and allows plaintiffs to recover for spread-of-hour violations. 29 U.S.C. § 206(a); 29 U.S.C. § 218 (the federal statute does not preempt a state from setting higher standards); N.Y. Lab. Law ¶ 652(a)(i)–(ii); N.Y.C.R.R. tit. 12, § 142–2.4. Accordingly, damages are awarded under the NYLL.

A. <u>Unpaid Compensation for Minimum, Overtime, and Spread-of-Hours Wages</u>

Plaintiff seeks unpaid minimum, overtime, and spread-of-hours wages. (Compl. ¶¶ 69–92). "Under the FLSA and the NYLL, employers are required to pay employees a certain minimum wage, as well as overtime wages of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in any given week." *Santos v. Cancun and Cancun Corp.*, No. 21-CV-0192 (LDH) (RER), 2022 WL 1003812, at *5 (citing 29 U.S.C. § 207(a); NYLL § 651; 12

NYCRR § 142-2.2), *adopted by* (Order dated 03/31/2022). Moreover, the NYLL entitles employees to one hour's pay at the minimum wage rate for any day during which the spread of hours exceeds ten hours. 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.4. A plaintiff may only recover for spread-of-hours wages if they do not earn above the minimum wage. *Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F. Supp. 3d 19, 45–46 (E.D.N.Y. 2015) (citations omitted).

1. *Minimum Wage Compensation*

Since 2019, all employers in New York City are required to pay a minimum wage rate of $15 per hour. N.Y. Lab. Law § 652(a)(i)–(ii). Unpaid minimum wages owed to a plaintiff is calculated "by subtracting the hourly rate paid to [p]laintiffs each week from New York's minimum wage rate." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011). Then, the difference is "multiplied . . . by the number of hours plaintiff worked each week," which is then "multiplied by . . . the number of weeks falling within" the relevant pay period. *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 WL 988835, at *8 (E.D.N.Y. Feb. 19, 2014), *adopted by* (Order dated 3/12/2014). Here, Plaintiff supplied estimated hours and reported wages for various time periods. (Compl. ¶¶ 40–46; Lopez Decl. 13–17). Based on this and the statutory minimum wage, the Court calculated the amount of unpaid minimum wage as follows:[5]

---

[5] Plaintiff asserts in the Complaint and in his affidavit that he was not paid for one week of work, but he does not specify when this occurred. (Compl. ¶ 46; Lopez Decl. ¶ 18). Accordingly, the Court calculated wages based on the supplied actual hourly rates for all weeks Plaintiff worked.

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Statutory Min. - Regular Rate | Hours Worked per Week | Weeks Worked | Unpaid Minimum Wages |
|---|---|---|---|---|---|---|
| 10/01/2020-4/30/2021 | $12.00 | $15.00 | $3.00 | 48 | 30 | $4,320.00 |
| 5/01/2021-5/31/2021 | $12.00 | $15.00 | $3.00 | 96 | 4 | $1,152.00 |
| 6/1/2021-7/15/2021 | $12.00 | $15.00 | $3.00 | 84 | 6 | $1,512.00 |
| 7/16/2021-8/23/2021 | $13.00 | $15.00 | $2.00 | 84 | 5 | $840.00 |
| | | | | | **Total Unpaid Minimum Wages:** | **$7,824.00** |

Therefore, Plaintiff is entitled to recover $7,824.00 for the hours he worked for less than the statutory minimum wage.

2. *Overtime Compensation*

Under both the FLSA and the NYLL, an employer must "pay employees a 50 percent premium for overtime hours worked—that is, the hours in excess of 40 that they worked in each work week." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 90 (E.D.N.Y. 2012) (citing 29 C.F.R. § 778.105; 12 N.Y.C.R.R. § 146-1.4); *see also* 29 U.S.C. § 207(a); 12 N.Y.C.R.R. § 142-2.2. If an employee is paid below the required minimum wage, then their overtime rate is calculated using the required minimum wage as the "regular rate." *Peralta*, 2014 WL 988835, at *7 (citation omitted); *see* N.Y. Comp. Codes R. & Regs. tit. 12 § 142–2.2 (incorporating the FLSA into New York state law and thereby mandating overtime to be calculated a minimum wage if the employee is paid below that rate); *see* 29 U.S.C. § 207; 29 C.F.R. § 778.107.

Here, Plaintiff alleges that he worked at a rate of $12 or $13 per hour, regardless of whether the hours worked were overtime. (Compl. ¶¶ 43–45; Lopez Decl. 16–17). This is sufficient to allege overtime wage rate violations. The court calculates unpaid overtime wages "for each pay period by dividing the statutory mandated minimum wage in half to determine what each Plaintiff was underpaid for each hour that they were entitled to receive time and a half pay." *Ore v. H & C*

9

*Cleaning Corp.*, No. 22-CV-20 (AMD) (RER), 2022 WL 19520879, at *12 (E.D.N.Y. Dec. 14, 2022), *adopted by* 2023 WL 2522814 (Mar. 15, 2023). The Court's calculations are outlined as follows:

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Min. OT Premium (Stat. Min. Wage / 2) | OT Hours Worked Per Week | Weeks Worked | Unpaid OT Wages |
|---|---|---|---|---|---|---|
| 10/01/2020-4/30/2021 | $12.00 | $15.00 | $7.50 | 8 | 30 | $1,800.00 |
| 5/01/2021-5/31/2021 | $12.00 | $15.00 | $7.50 | 56 | 4 | $1,680.00 |
| 6/1/2021-7/15/2021 | $12.00 | $15.00 | $7.50 | 44 | 6 | $1,980.00 |
| 7/16/2021-8/23/2021 | $13.00 | $15.00 | $7.50 | 44 | 5 | $1,650.00 |
| | | | | | **Total Unpaid Overtime Wages** | **$7,110.00** |

Accordingly, Plaintiff may recover $7,110 for unpaid overtime wages.

3. *Spread-of-Hours Compensation*

Here, Plaintiff asserts that throughout his employment, he worked shifts lasting longer than ten hours. (Compl. ¶¶ 41–42; Lopez Decl. ¶¶ 14–15). Because he was paid below minimum wage and often worked more than ten hours in a shift, Plaintiff established a spread-of-hours claim. In May 2021, Plaintiff worked more than ten hours per day five days per week, and from June 2021 through August 2021, he worked more than ten hours per day seven days per week. (Compl. ¶¶ 41–42). Consequently, Plaintiff is entitled to one extra hour of pay at minimum wage for each of those days. The Court calculates this by multiplying the number of weeks worked by the number of eligible days per week by the applicable wage rate.[6] Therefore, Plaintiff is entitled to recover $1,455 for unpaid spread of hours pay.

---

[6] Here, [4 weeks × 5 days × $15 = $300] + [11 weeks × 7 days × $15 = $1,155] = $1,455.

10

B. <u>Wage Notice and Statement Requirements</u>

The NYLL requires employers to notify employees in writing of their pay rates and the basis for those rates in English or in an employee's primary language. N.Y. Lab. Law § 195(1). When an employer fails to provide this notice within ten business days of an employee's first day of employment, that employee may recover fifty dollars in civil damages for each workday that the violation continues for up to one hundred workdays. N.Y. Lab. Law § 198(1-b). Similarly, with every wage payment, an employee must receive a wage statement that lists the dates of work covered by that payment, the employee's name, the rates of pay, and the employer's name, address, and phone number. N.Y. Lab. Law § 195(3). If an employer does not comply with this requirement, employees may recover $250 for each workday that the violation occurs, up to a maximum of five thousand dollars. N.Y. Lab Law § 198(1-d). Here, Plaintiff asserts that he was not provided with any type of wage notice, either in English or in his primary language of Spanish, either upon hiring or upon payments. (Compl. ¶¶ 50–52; Lopez Decl. ¶¶ 22–23). Consequently, Plaintiff entitled to recover $5,000 under NYLL § 195(1) and $5,000 under NYLL § 198(1-b).

C. <u>Tools of the Trade</u>

Under the FLSA and NYLL, employers are prohibited from requiring employees to purchase required tools of the trade if purchasing such tools brings their wage below the statutory minimum wage. 29 C.F.R. § 531.35; 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 146–2.7. Here, Plaintiff already established that he made less than the minimum wage rate. (Compl. ¶¶ 43–45; Lopez Decl. 16–17). Further, Plaintiff claims that Defendants required him to purchase his own uniform shirts, shoes, pants, and aprons. (Compl. ¶ 53; Lopez Decl. ¶ 25). Although this establishes that a violation occurred, nothing sufficiently establishes the amount of damages. Plaintiff fails to attest to the amount he paid for these items in his sworn declaration. (*See generally* Lopez Decl.).

Instead, the damages calculation and the memorandum of law simply state that the total amount Plaintiff paid out-of-pocket was $200. (Pl.'s Mem. at 8; ECF No. 24-10). Upon this information, the Court is unable to award damages because Plaintiff has submitted no evidence in support of his reimbursement calculations. *See, e.g.*, *Cruz v. JJ's Asian Fusion*, 20-CV-5120 (MKB) (RML), 2022 WL 687097, at *7–8 (E.D.N.Y. Jan. 11, 2022) (when plaintiffs only provided the amount of reimbursements in their damages chart and failed to provide "an explanation of how they arrived at the requested amounts," the court recommended denying the request), *adopted by* 2022 WL 577954 (Feb. 25, 2022). Accordingly, I respectfully recommend that Plaintiff's request to recover for tools of the trade be denied.

   D. Liquidated Damages

The FLSA and NYLL provide for an award of liquidated damages that is equal to the amount of unpaid wages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). A plaintiff, however, is not entitled to recover liquidated damages under both statutes. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). When liability for liquidated damages is established under both statutes, courts typically award liquidated damages under the statute that provides for the most recovery. *New Fresca Tortillas*, 2019 WL 3716199, at *6. Here, Plaintiff can recover under the NYLL because the statute enables recovery for more claims. *Id.* n.15 (in addition to unpaid minimum and overtime wage claims, the NYLL includes spread-of-hours claims).

In deciding whether to award liquidated damages, courts evaluate whether an employer acted in good faith. N.Y. Lab. Law § 663(1). An employer who defaults "fails to make a showing of good faith." *Santos*, 2022 WL 1003812, at *5. Therefore, I respectfully recommend that the Court award Plaintiff 100% of minimum wage, overtime wage, and spread-of-hours damages he is entitled to under the NYLL in liquidated damages, for a total of $16,389.

12

E. Pre-Judgment Interest

Plaintiff seeks pre-judgment interest under the NYLL. (Compl. at 18). Under the NYLL, plaintiffs are entitled to recover pre-judgment interest on damages for unpaid minimum, overtime, and spread-of-hours wages, but not on liquidated or statutory damages. *Rene French Cleaners, Inc.*, 2022 WL 4646866, at *11 (citations omitted); *see* NYLL § 198(1-a). In New York, pre-judgment interest is calculated at a rate of nine percent per year. N.Y. C.P.L.R. § 5004. If a plaintiff incurs damages at various times, then the interest is computed "upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *see also Santana v. 82 Food Corp.*, 19-CV-4733 (SMG), 2020 WL 9814100, at *11–12 (July 10, 2020) (choosing the midpoint of the plaintiff's employment as the "single reasonable intermediate date" for the purposes of calculating pre-judgment interest).

In this case, the mid-point of Plaintiff's employment from which pre-judgment interest is calculated is March 13, 2021. (*See* Compl. ¶ 17; Lopez Decl. ¶ 8). Therefore, I respectfully recommend that Plaintiff be awarded $3,915.85 in pre-judgment interest, plus $4.04 per diem until the date that judgment is entered by the Clerk of the Court.[7]

F. Post Judgment Remedies

Under the NYLL, "[a]ny judgment or court order awarding remedies under the section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by

---

[7] Pre-judgment interest is calculated using the following formula: (total compensatory damages due to plaintiff) × (.09/365) × (number of days from midpoint date to the date the Clerk of the Court enters judgment). Here: Total Compensatory Damages ($16,389) × (.09/365) × (969 [days between 3/13/2021 and 11/07/2023]) = $3,915.85.

Per diem interest is calculated as follows: Total Compensatory Damages ($16,389) × (.09/365) = $4.04.

13

fifteen percent." N.Y. Lab. Law § 198(4). Here, damages are awarded under the NYLL.[8] Accordingly, Plaintiff's damages should be increased by fifteen percent if damages remain unpaid ninety days after judgment is entered and no appeal is pending.

G. Attorneys' Fees

The FLSA and NYLL allow recovery for reasonable attorneys' fees. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). A fee applicant "bear[s] the burden of proving the reasonableness and the necessity of the hours spent and the rates charged." *Palaghita v. Alkor Capital Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *12 (E.D.N.Y. Aug. 20, 2021) (citations omitted), *adopted by* 2021 WL 4463483 (Sept. 29, 2021). The request must be accompanied by contemporaneous time records, inclusive of hours expended and the nature of the work done. *New Fresca Tortillas*, 2019 WL 3716199, at *8. "Generally, a reasonable rate is determined by multiplying the reasonable numbers of hours spent on a case by a reasonable hourly rate based on the prevailing hourly rate for similarly experienced attorneys in the district in which the court sits." *Santos*, 2022 WL 1003812, at *8. In this District, reasonable hourly rates in FLSA cases are $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff. *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *adopted by* 2020 WL 5259056 (Sept. 30, 2020).

The FLSA and NYLL are "straightforward" claims, and the work in this case is considered "particularly simple because it [is] resolved on a motion for default judgment." *Sevilla v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *12 (E.D.N.Y. Mar. 30,

---

[8] In the Complaint, Plaintiff seeks post-judgment interest under the FLSA, in addition to the automatic fifteen percent increase under the NYLL. (Compl. at 18). But in the memorandum of law and attorney's declaration in support of default judgment, Plaintiff only seeks the increase under the NYLL. (Pl.'s Mem. at 10; ECF No. 24-2 ¶ 72). In turn, the Court only evaluates the post-judgment penalty under the NYLL.

2022). That said, Plaintiff's first motion for default judgment was denied due to a handful of procedural and statutory violations. (*See* R. & R.). Plaintiff's counsel seeks an award of $3,467.50 in attorneys' fees for 14.10 hours worked, and submitted contemporaneous time records detailing dates, hours, and the nature of the work performed. (Pl.'s Mem. at 14; ECF No. 24-11 ("Att'y Records")). Specifically, Plaintiff seeks hourly rates of $350 for Catalina Sojo, $350 for Frank Palermo, $300 for Ramsha Ansari, and $125 for paralegal work. (Pl.'s Mem. at 11).

Ms. Sojo completed her legal education in 2019 and has worked as a litigation attorney for approximately three years. (Pl.'s Mem. at 12). She is a managing attorney at CSM Legal, PC, and was responsible for reviewing the case file at the start of case. (*Id.*; Att'y Records). $350 per hour is in the range that courts award for partners. Accordingly, the Court finds that a reasonable rate is $175 per hour. *See Sevilla*, 2022 WL 954740, at *12 (lowering Ms. Sojo's rate from $350 per hour to $175 per hour).

Mr. Palermo has approximately six years of post-law school litigation experience and was an associate attorney at CSM Legal, PC. (Pl.'s Mem. at 12). From the records submitted, Mr. Palermo's primary responsibility was to draft the initial default judgment motion. (Att'y Records). Considering the amount of work experience, the standard in this District, and that the initial default judgment was denied for procedural issues, the Court finds that $200 is appropriate for an associate with Mr. Palermo's experience.

Ms. Ansari has practiced employment and labor litigation since she graduated from law school in 2020. (Pl.'s Mem. at 12). She was responsible for reviewing the first Report and Recommendation and for everything associated with the second motion for default judgment. (Att'y Records). Based on her experience, the Court finds that a reasonable rate is $175 per hour.

15

Plaintiff's counsel requests $125 for paralegal work, inclusive of conducting the initial client interview and drafting the complaint and damages chart, but fails to provide a name or qualification for the paralegal or paralegals who performed this work. (Pl.'s Mem. at 13; Att'y Records). Courts in this district find that $125 per hour for paralegal work in a default wage and hour case is excessive. *See Montanes v. Avanti Pizza 2 Inc.*, No. 21-CV-586 (ERK) (RLM), 2022 WL 17820103, at *8 (collecting cases for the proposition that in default judgment cases, paralegals are typically awarded a $75 hourly rate), *adopted by* (Order dated 11/14/2022). Accordingly, the Court recommends that the paralegal hourly rate be lowered to $75 per hour.

Next, the Court must determine whether the number of hours expended by counsel was reasonable. *New 168 Supermarket LLC*, 2020 WL 5260579, at *9. This is evaluated by examining the attorneys' time records and excluding apparent excessive or unnecessary hours "with a view to the value of the work product of the specific expenditures to the client's case." *Id.* (citations and quotations omitted). Here, Plaintiff's counsel asserts that they worked 14.1 hours and includes sufficient notes as to what work was conducted. (Att'y Records). The Court does not find these hours to be excessive. Therefore, the reasonable attorneys' fees are calculated as follows:

| Timekeeper | Requested Rates | Approved Rates | Hours | Fees |
| --- | --- | --- | --- | --- |
| Catalina Sojo | $350 | $175 | 0.3 | $52.50 |
| Frank Palermo | $350 | $200 | 3 | $600 |
| Ramsha Ansari | $300 | $175 | 5.5 | $962.50 |
| Paralegal | $125 | $75 | 5.3 | $397.50 |
| | | Total Attorneys' Fees | | $2,012.50 |

H. Costs

When a litigant is awarded attorneys' fees, they are also entitled to compensation for "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quotations omitted). A plaintiff

must "submit adequate documentary evidence in support" of these costs." *Rene French Cleaners, Inc.*, 2022 WL 4646866, at *15. Here, Plaintiff seeks to recover costs of $402 for the filing fee and $253 in fees associated with serving the Complaint. (Pl.'s Mem. at 14; Att'y Records). The filing fee is noted on the docket. (ECF No. 1). But Plaintiff does not submit any record for the process server fees, so I respectfully recommend denying these costs. *See Rene French Cleaners, Inc.*, 2022 WL 4646866, at *15. Therefore, Plaintiff is entitled to $402 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Plaintiff's motion for default judgment against Defendants, jointly and severally, and award Plaintiff (1) damages totally $16,389 for unpaid minimum, overtime, and spread-of-hours wages, (2) $10,000 for wage notice and statement violations, (3) $16,389 for liquidated damages, (4) pre-judgment interest on $16,389 at a rate of nine percent per year from March 13, 2021, until the date final judgment is entered, (5) the fifteen percent penalty under the NYLL if damages remain unpaid and no appeal is pending ninety days after judgment is entered, (6) $2,012.50 in attorneys' fees, and (7) $402 in costs. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Carol Bagley Amon within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr. Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.11.07 16:01:44 -05'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: November 7, 2023
Brooklyn, NY