UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS LOPEZ,

                Plaintiff,

    -against-

METRO AND GRAHAM LLC (d/b/a
WHOLESOME BASKET), SALEH IBRAHIM,
and FAROUK ABOU ZEID,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-332 (CBA) (RER)

**AMON, United States District Judge:**

On January 20, 2022, Plaintiff Luis Lopez, individually and on behalf of others similarly situated,[1] filed suit against Metro and Graham LLC d/b/a Wholesome Basket ("Corporate Defendant"), as well as Saleh Ibrahim and Farouk Abou Zeid (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants"). Lopez alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law ("NYLL"), §§ 190 and 650 et seq., and the New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (ECF Docket Entry ("D.E.") # 1 ¶ 12.) He sought damages for unpaid overtime, unpaid spread of hours, statutory wage violations, liquidated damages, and interest. (Id.; D.E. # 16-1 (Frank J. Palermo Decl.) at 8-12.)

After Defendants failed to appear or otherwise defend the action, the Clerk of Court entered a default against Defendants on April 7, 2022. (D.E. # 13.) Lopez first moved for default judgment on May 26, 2022. (D.E. # 16.) I referred that motion to the Honorable Ramon E. Reyes, Jr., then a United States Magistrate Judge, for report and recommendation ("R&R"). (Text Entry dated Aug. 5, 2022.) On December 16, 2022, then-Magistrate Judge Reyes issued an R&R

---

[1] Due to Defendants' default, Lopez proceeds in his individual capacity.

recommending that the motion for default judgment be denied without prejudice as to all Defendants. (D.E. # 18 at 2.) Specifically, Judge Reyes determined that Lopez had not complied with Local Civil Rules 7.1 and 55.2(c), and with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1). (Id.) I adopted that R&R on February 21, 2023. (D.E. # 21.)

On May 19, 2023, Lopez filed a renewed motion for default judgment correcting the procedural defects of his initial motion. (D.E. # 24.) I referred the renewed motion to Judge Reyes. (Text Entry dated May 22, 2023.)   On November 7, 2023, Judge Reyes issued an R&R recommending that the motion for default judgment be granted because Lopez had sufficiently alleged facts establishing Defendants' liability under the FLSA and the NYLL. (D.E. # 27 (the "R&R") 2.) Specifically, Judge Reyes found that Lopez had established that (1) a non-exempt employer-employee relationship existed; and (2) Lopez was inadequately compensated for his work. (Id. 5 (citing Diaz v. Rene French Cleaners, Inc., No. 20-CV-3848 (RRM), 2022 WL 4646866, at *4 (E.D.N.Y. Aug. 29, 2022).)

Judge Reyes then undertook an independent damages analysis based on Plaintiff's Complaint and a sworn declaration attesting to the hours Lopez worked, wages he was paid, and dates of his employment. (Id. 6.) Judge Reyes recommended that Lopez be awarded the following relief: (1) damages totaling $16,389 for unpaid minimum, overtime, and spread-of-hours wages; (2) $10,000 for wage notice and statement violations; (3) $16,389 for liquidated damages; (4) pre-judgment interest on $16,389 at a rate of nine percent per year from March 13, 2021, until the date final judgment is entered; (5) a fifteen percent penalty under the NYLL if damages remain unpaid and no appeal is pending ninety days after judgment is entered; (6) $2,012.50 in attorneys' fees; and (7) $402 in costs. (Id. 17.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, I grant Lopez's motion for default judgment against Defendants, jointly and severally, and award the following relief: (1) damages totaling $16,389 for unpaid minimum, overtime, and spread-of-hours wages; (2) $10,000 for wage notice and statement violations; (3) $16,389 for liquidated damages; (4) pre-judgment interest on $16,389 at a rate of nine percent per year from March 13, 2021, until the date final judgment is entered; (5) a fifteen percent penalty under the NYLL if damages remain unpaid and no appeal is pending ninety days after judgment is entered; (6) $2,012.50 in attorneys' fees; and (7) $402 in costs.

SO ORDERED.

Dated: December 8, 2023
      Brooklyn, New York

                                s/Carol Bagley Amon
                                Carol Bagley Amon
                                United States District Judge